IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHERINE VAN CLEAVE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF THE SOUTH,<br><br>Defendant. | CIVIL ACTION FILE<br>No.: 3:22-cv-00090<br>Chief Judge Crenshaw<br>Magistrate Judge Frensley |

**ANSWER AND AFFIRMATIVE
DEFENSES OF THE UNIVERSITY OF THE SOUTH**

COMES NOW Defendant The University of the South ("Defendant") and submits its Answer and Affirmative Defenses to the Complaint of Plaintiff Katherine Van Cleave ("Plaintiff"), and, by way of said Answer, respectfully shows as following:

**FIRST DEFENSE**

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Any act or failure to act toward Plaintiff was not the result of any willful, malicious, reckless, intentional, or bad faith conduct on the part of Defendant such as to give rise to the imposition of punitive damages. Defendant, at all times, acted in good faith and had objectively reasonable grounds to believe any actions or omissions taken with respect to Plaintiff were in compliance with all federal and state laws.

## THIRD DEFENSE

All actions or omissions taken by Defendant with respect to the terms and conditions of Plaintiff's employment were for legitimate, non-discriminatory, and non-retaliatory reasons. No impermissible discriminatory or retaliatory motive played any motivating factor in Defendant's treatment of Plaintiff. Alternatively, even if Plaintiff could demonstrate that discrimination or retaliation played a motivating factor in any such action, which is expressly denied, the same action would have been taken for legitimate, non-discriminatory, and/or non-retaliatory reasons.

## FOURTH DEFENSE

Plaintiff failed to engage in any activity protected by Title VII or 42 U.S.C. § 1981. Moreover, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not terminated because of her alleged protected activity. Plaintiff cannot establish any causal connection between her alleged protected activity and any adverse employment action.

## FIFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by her failure to mitigate her damages and/or by the doctrine of after-acquired evidence.

## SIXTH DEFENSE

Plaintiff's Title VII claims may be barred, in whole or in part, to the extent that they were never made the subject of a charge of discrimination with the applicable government agency within the time required by law or because the claims are not within the scope of any charge of discrimination filed by Plaintiff.

Defendant reserves the right to amend this Answer or add additional defenses, or to withdraw defenses, after reasonable opportunity for discovery. Defendant further responds to the specific allegations contained in Plaintiff's Complaint as follows:

## INTRODUCTION

1.

Defendant admits that Plaintiff purports to bring claims under Title VII and 42 U.S.C. § 1981 ("Section 1981"), but denies all other allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.

Defendant admits that the Court has subject matter jurisdiction over this action, but denies that venue is proper, and further denies the remaining allegations pled in Paragraph 2 of the Complaint.

3.

Defendant admits that Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). Defendant states that Charge speaks for itself and denies the remaining allegations and legal conclusions pled in Paragraph 3 of the Complaint.

## THE PARTIES

4.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pled in Paragraph 4 of the Complaint.

5.

Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

## STATEMENT OF ALLEGED FACTS

6.

Defendant admits that Plaintiff was hired as a staff clinician in August 2016 and that she was terminated on February 25, 2021. Except as specifically admitted herein, Defendant denies

as pled the allegations set forth in Paragraph 6 of the Complaint.

7.

Defendant admits the allegations pled in Paragraph 7 of the Complaint.

8.

Defendant admits that Plaintiff's job duties included working at the University Wellness Center and providing counseling and psychological services to students. Defendant is without knowledge or information sufficient to admit or deny the truth of the remaining allegations pled in Paragraph 8 of the Complaint.

9.

Defendant admits the allegations set forth in Paragraph 9 of the Complaint.

10.

Defendant denies as pled the allegations set forth in Paragraph 10 of the Complaint.

11.

Defendant states that this Paragraph describes written material between Plaintiff and an employee of Defendant and to the extent the allegations of Paragraph 11 seek to paraphrase or characterize the contents of that written material, such document or writing speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document or written material. Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.

Defendant states that this Paragraph describes written material between Plaintiff and an employee of Defendant and to the extent the allegations of Paragraph 12 seek to paraphrase or characterize the contents of that written material, such document or writing speaks for itself, and

Defendant denies the allegations to the extent that they are inconsistent with that document or written material. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.

Defendant states that this Paragraph describes written material between Plaintiff and an employee of Defendant and to the extent the allegations of Paragraph 13 seek to paraphrase or characterize the contents of that written material, such document or writing speaks for itself, and Defendant denies the allegations to the extent that they are inconsistent with that document or written material. Defendant denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.

Defendant admits that Plaintiff participated on a search committee to hire new counselors. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.

Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.

Defendant denies the allegations set forth in Paragraph 16 of the Complaint.

17.

Defendant admits that the content of Plaintiff's June 16, 2020 email to Dean Gentry speaks for itself. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.

Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19.

Defendant admits that the Defendant prohibits race discrimination and supports the "Black Lives Matter" movement, but denies as pled the additional allegations set forth in Paragraph 19 of the Complaint.

20.

Defendant admits that on September 8, 2020, the Board of Regents of the University of the South issued a statement which speaks for itself. Except as specifically admitted herein, the University denies as pled the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendant admits that on September 8, 2020, the Board of Regents of the University of the South issued a statement which speaks for itself. Except as specifically admitted herein, the University denies as pled the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendant admits that the research summary prepared by authors associated with the Roberson Project speaks for itself. Except as specifically admitted herein, the University denies as pled the allegations set forth in Paragraph 21 of the Complaint.

23.

Defendant denies as pled the allegations set forth in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations and legal conclusions set forth in Paragraph 24 of the Complaint.

25.

Defendant admits that the University's policy on reporting discrimination and harassment speaks for itself, but otherwise denies as pled the allegations set forth in Paragraph 25 of the Complaint.

26.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pled in Paragraph 26 of the Complaint.

27.

Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28.

Defendant denies as pled the allegations set forth in Paragraph 28 of the Complaint.

29.

Defendant admits that on August 19, 2020, Ms. Liston-Avnaim sent an email to Mary Wilson in Human Resources which speaks for itself, but otherwise denies as plead the allegations set forth in Paragraph 29 of the Complaint.

30.

Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31.

Defendant admits the allegations set forth in Paragraph 31 of the Complaint.

32.

Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33.

Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34.

Defendant admits that an August 26, 2020 email was sent to Plaintiff for the purpose of "offering notes from our meeting today with Nicole regarding the professional expectations of the staff clinician position," which email speaks for itself, but otherwise denies as pled the allegations set forth in Paragraph 34 of the Complaint.

35.

Defendant denies as pled the allegations set forth in Paragraph 35 of the Complaint.

36.

Defendant admits that the August 26, 2020 email noted, in part, that "Ashley informed Katie that if she does not meet these expectations or if Ashley or Katie discern in the next two weeks that the position is no longer a professional fit, CAPS and Katie will have to part ways." Except as specifically admitted herein, Defendant denies as pled the allegations set forth in Paragraph 36 of the Complaint.

37.

Defendant admits that Plaintiff wrote an email to her supervisor on August 27, 2020 which speaks for itself. Except as specifically admitted herein, Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38.

Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.

Defendant admits that Ms. Liston-Avnaim wrote an August 28, 2020 email to Jessica Welch which speaks for itself, but otherwise denies as pled the allegations set forth in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41.

Defendant denies as pled the allegations contained in Paragraph 41 of the Complaint.

42.

Defendant denies as pled the allegations set forth in Paragraph 42 of the Complaint.

43.

Defendant denies as pled the allegations set forth in Paragraph 43 of the Complaint.

44.

Defendant denies as pled the allegations set forth in Paragraph 44 of the Complaint.

45.

Defendant admits the allegations set forth in Paragraph 45 of the Complaint.

46.

Defendant admits that in September 2020, Ms. Liston-Avnaim advised Plaintiff that she desire to engage in either recorded or live supervision of certain of her cases, but denies as pled the remaining allegations set forth in Paragraph 46.

47.

Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.

Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.

Defendant denies as pled the allegations set forth in Paragraph 49 of the Complaint.

50.

Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.

Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.

Defendant admits the allegations set forth in Paragraph 53 of the Complaint.

53.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first sentence set forth within Paragraph 53 of the Complaint. Defendant admits that Liston-Avnaim and Noffsinger-Frazier attended the training. Except as specifically admitted herein, Defendant denies as pled the remaining allegations set forth in Paragraph 53 of the Complaint.

54.

Defendant denies the allegations and legal assertions set forth in Paragraph 54 of the Complaint.

55.

Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.

Defendant admits that Plaintiff had a meeting with Ms. Liston-Avnaim in February 2021. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.

Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58.

Defendant admits that the staff handbook speaks for itself, but denies as pled any remaining allegations or inferences set forth in Paragraph 58 of the Complaint.

59.

Defendant denies as pled the allegations set forth in Paragraph 59 of the Complaint.

60.

Defendant admits that Liston-Avnaim sent an email dated February 9, 2021 to Jessica Welch, which speaks for itself, but otherwise denies as pled the allegations set forth in Paragraph 60 of the Complaint.

61.

Defendant admits that Liston-Avnaim sent an email dated February 9, 2021 to Jessica Welch, which speaks for itself, but otherwise denies as pled the allegations set forth in Paragraph 61 of the Complaint.

62.

Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.

Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64.

Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65.

Defendant denies as pled the allegations set forth in Paragraph 65 of the Complaint.

66.

Defendant admits that Plaintiff sent an email to Ms. Liston-Avnaim on February 17, 2021

which included the statement that "[n]evertheless, if video recordings are a requirement for my position, I will certainly comply as long as we establish HIPAA compliant procedures." Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.

Defendant admits that Plaintiff sent an email to Jessica Welch on February 19, 2021, the text of which is reflected in Paragraph 67, but otherwise denies as pled the allegations set forth in Paragraph 67 of the Complaint.

68.

Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.

Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.

Defendant admits that Plaintiff was terminated on February 25, 2021 and that her separation letter speaks for itself. Except as specifically admitted herein, Defendant denies as pled the allegations set forth in Paragraph 70 of the Complaint.

71.

Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.

Defendant denies as pled the allegations set forth in Paragraph 72 of the Complaint.

73.

Defendant lacks information sufficient to perform a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint, which are therefore denied.

74.

Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75.

Defendant admits that the Performance Improvement Plan speaks for itself, but denies as pled all remaining allegations set forth in Paragraph 75 of the Complaint.

76.

Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

**V.     Cause of Action – Retaliation – Title VII and 42 USC §1981**

77.

Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.

Defendant admits the allegations set forth in Paragraph 78 of the Complaint.

79.

Defendant admits the allegations set forth in Paragraph 79 of the Complaint.

80.

Defendant admits the allegations set forth in Paragraph 80 of the Complaint.

81.

Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

82.

Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83.

Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84.

Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85.

Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86.

Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.

Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.

Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

Any allegations in the Complaint not heretofore answered, qualified, or denied are here and now denied as through set forth specifically and denied.

## VI. Damages and Prayer for Relief

Defendant denies Plaintiff is entitled to any of the relief set forth in sections (1) through (4) of the Complaint and denies Plaintiff is entitled to any relief whatsoever.

**WHEREFORE,** Defendant respectfully requests that this Court:

1. Dismiss with prejudice Plaintiff's Complaint;

2. Enter judgment in favor of Defendant and against Plaintiff;

3. Award Defendant its reasonable attorney's fees, costs, and expenses pursuant to applicable law; and

4. Award any and all other relief to Defendant that this Court may deem necessary and proper.

Dated March 11, 2022

Respectfully submitted,

**FREEMAN, MATHIS & GARY, LLP**

*/s/ Wesley C. Jackson*
Wesley C. Jackson
TN Bar No. 32187
John D. Bennett*
Georgia Bar No. 059212
Travis M. Cashbaugh*
Georgia Bar No. 380162
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: wjackson@fmglaw.com
E: jbennett@fmglaw.com
E: tcashbaugh@fmglaw.com

*\*Pro Hac Vice motions forthcoming*

***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11th day of March, 2022, filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF THE UNIVERSITY OF THE SOUTH** with the Clerk of Court using the CM/ECF system, which will automatically send a notification of electronic filing and a copy to all counsel of record in this matter.

*/s/ Wesley C. Jackson*
Wesley C. Jackson
TN Bar No. 32187
wjackson@fmglaw.com