# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KATHERINE VAN CLEAVE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00090 |
| | ) |
| THE UNIVERSITY OF THE SOUTH | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, contains its own venue provision that provides, in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C.A. § 2000e-5(f)(3). Based on this provision, Plaintiff Katherine Van Cleave, a mental health counselor, sued her former employer, The University of the South ("the University"), alleging retaliation in violation of Title VII and 42 U.S.C. § 1981. Because, however, the University is located in Sewanee, Tennessee, it has filed a "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 to [the] Winchester Division of the Eastern District of Tennessee" (Doc. No. 21). Plaintiff opposes that Motion (Doc. No. 23). For the reasons that following, the Motion to Transfer will be granted.

**I.**

As with the general venue statute found in 28 U.S.C. § 1391, cases filed under Section 2000e-5(f)(3) are subject to transfer pursuant to 28 U.S.C. § 1404. In re Horseshoe Ent., 337 F.3d 429, 433 (5th Cir. 2003); Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 655 (11th Cir. 1993). Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404 "operates on the premises that the plaintiff has properly exercised his venue privilege," Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 538 (6th Cir. 2002), and the parties apparently agree that venue in this case is proper under Section 2000e5(f)(3), with Plaintiff beginning her response brief by asserting, "there is no question venue is proper in the Middle District of Tennessee." (Doc. No. 23 at 1). This begs a preliminary question and that is whether the parties' reading of Title VII's venue statute is correct.

As noted, Section 2000e-5(f)(3) states that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," 42 U.S.C. 2000-5(f)(3), but does this mean "any judicial district in the State," or only that district where the "unlawful employment practice is alleged to have been committed"? The weight of authority appears to support the former reading, but there is contrary authority. See, Passantino v. Johnson & Johnson Consumer Prods., 212 F.3d 493, 504 (9th Cir. 2000) (stating that "the only limitation contemplated by the [Title VII venue] provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination'"); Pinckney v. Yuba Cmty. Coll., No. C-08-3068EMC, 2008 WL 5170444, at *2 (N.D. Cal. Dec. 9, 2008) (characterizing as "dubious" the argument that the language of Section 2000e-5(f)(3) "means that, in states containing multiple federal districts, suit

can be commenced in any of those districts"). In other words, Section 2000-5(f)(3) has been read as being "premised on many different actions, including the place where a discriminatory decision is adopted [or occurred], . . . where an individual is affected by the decision, . . . where the relevant employment records are located, or where a worker would have worked but for a discriminatory decision[.]" Kennicott v. Sandia Corp., 314 F. Supp. 3d 1142, 1171 (D.N.M. 2018) (citation omitted); see also Reid v. D.P. Curtis Trucking, Inc., No. CIC 12-0134 KBM/ACT, 2012 WL 5409786, at *1 (stating that the Title VII's venue statute "favors factors convenient to the employer"). So read, Title VII's venue provision would not provide venue in any district in a state simply because plaintiff resides in the state.

For present purposes, the Court assumes that Title VII's provision "means anywhere in the relevant state," Richardson v. Alabama State Bd. of Educ., 935 F.2d 1240, 1248 (11th Cir. 1991), if for no other reason than such a reading gives the phrase "in the state" its "full syntactical weight[,]" Gilbert v. Gen. Elec. Co., 347 F. Supp. 1058, 1060 (E.D. Va. 1972). With that assumption, the question then becomes whether the case should remain here or be transferred under Section 1404 to the Eastern District.

## II.

In support of its position requesting transfer, Defendant has submitted two declarations, one from Marquitte Starkey, the Vice President and General Counsel of the University. The other is from Nicole Noffsinger-Frazier, the Associate Dean of Flourishing and Wellness where Plaintiff worked as a staff clinician in the Counseling and Psychological Services ("CAPS") department from August 2016 through her termination on February 25, 2021. Collectively, those Declarations show the following:

3

- The University is a nonprofit corporation incorporated under Tennessee law with its principal place of business at 735 University Avenue, Sewanee, Franklin County, Tennessee.

- The University's campus is located at the same address and it does not have any campuses, offices, or employees in the Middle District.

- All corporate affairs and personnel decision are made in Sewanee.

- During all relevant periods, Plaintiff resided in Sewanee, and to this day resides there.

- Starkey and Noffsinger-Frazier live in Sewanee.

- Ashley Liston-Avnaim, who is the subject of numerous allegations in the complaint and to whom Plaintiff reported also lives in Sewanee.

- The CAPS team includes several staff members, all of whom reside in or around Sewanee, with the exception of one clinician who lives in Chattanooga, which is also in the Eastern District.

- The Complaint references the Roberson Project, which was an investigation into the University's history regarding slavery and white supremacy. The authors of the research summary are professors at The University, and the project's working group was composed of Sewanee students, faculty, and staff.

- None of the University's employees who might be called as a potential witness live in the Middle District of Tennessee.

- None of the individuals that the University anticipates are likely to have discoverable information in this case live in the Middle District of Tennessee.

- The emails Plaintiff references in her Complaint were sent or received by Plaintiff at her University-issued email address.

- Plaintiff's employment records are maintained and stored in Franklin County, as are the physical documents and emails, upon which Plaintiff relies upon for the basis of her claims.

(Doc. No. 21-2, Starkey Decl. ¶¶ 4, 6-12; Doc. No. 21-3, Noffsinger-Frazier Decl. ¶¶ 4-10).

In its response, Plaintiff does not challenge any of the foregoing. Instead, she summarizes

4

her arguments as follows:

> Defendant has not (as was its burden) put forward evidence that any potential witness is beyond the subpoena power of this court or that any witness would face unreasonable hardship as a result of a one-time ninety-mile commute to testify at the trial of this matter. To the extent any deposition witness faces inconvenience or hardship, Plaintiff is happy to take depositions at any mutually convenient location, as counsel for both sides will be traveling for depositions regardless. And if a trial date during the academic year proves to be a hardship, Plaintiff has no objection to the Court scheduling a summer trial, when students will not be present and the ten-month employees who directly service students will be on vacation. As to the location of employment records, Defendant's counsel is based in Atlanta, Georgia, a road distance of one hundred and fifty-five miles from the Sewanee campus, meaning that under the realities of modern discovery, any records will need to make a preliminary trip to Georgia in physical or electronic form) to be reviewed and processed by defense counsel before they are produced (likely again in electronic form) to Plaintiff's counsel, who are located in Birmingham.
>
> Simply put, the interests of justice do not clearly outweigh Plaintiff's choice of forum, particularly given the special weight that Courts are to give that choice under Title VII's venue provision.

(Doc. No. 23 at 1-2). Later in her brief, Plaintiff doubles-down on her argument by asserting "Defendant's motion largely ignores one of the most important factors: the Plaintiff's choice of forum. Especially in Title VII cases . . . one of the most significant factors in considering whether venue should be transferred is the plaintiff's choice of forum." (Id. at 4) (citation omitted).

### A.

Citing it no less that six times, Plaintiff relies heavily on Judge Wiseman's decision in Smith v. Kyphon, Inc., 578 F. Supp. 2d 954 (M.D. Tenn. 2008) as support for her position that a plaintiff's choice of forum should be paramount in Title VII cases. In Smith, Judge Wiseman noted that, under Section 1404(a), "'a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" Id. at

5

962 (quoting Moses v. Bus. Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir.1991)). He also identified the private interest of the parties as including "(1) the convenience to the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; [and] (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively[.]" Id. see also Moore v. Rohm & Haas Co., 446 F.3d 643, 647 (6th Cir. 2006) (identifying same considerations). Weighing those factors, Judge Wiseman ultimately concluded that the case should remain before him, and not transferred to the Northern District of California.

In arriving at his conclusion, Judge Wiseman stated that, "[g]enerally, one of the most significant factors in considering whether venue should be transferred is the plaintiff's choice of forum," particularly given "the public-policy rationale behind the passage of 42 U.S.C. § 2000e–5(f)(3) [which] requires that substantial weight be accorded the plaintiff's choice of forum." Smith, 578 F. Supp. 2d at 962. However, to read that passage as standing for the proposition that Plaintiff's choice of venue is the be-all and end-all of the transfer question would be to read Smith out of context and too broadly.

At issue in Smith was the enforceability of a forum selection clause that would have required plaintiff, who worked from her home in Franklin, Tennessee, to litigate her Title VII claim in the federal district encompassing Sunnydale, California. While Judge Wiseman stated that a Plaintiff's choice of forum was entitled to great deference in Title VII cases, this observation was couched as being "especially true where the plaintiff also resides in the chosen forum." Id. Moreover, "the significant public interest, as embodied in the venue provision in Title VII" that concerned Judge Wiseman was "the Plaintiff's ability to have her case tried by a jury of peers drawn from the

6

community in which the discrimination allegedly occurred." Id. at 968-69.

Here, of course, Plaintiff does not reside in, and the allegedly discriminatory/retaliatory employment action did not occur in, this district. Such connections, or the lack thereof, can impact a court's analysis one way or the other. Compare Gelber v. Leonard Wood Mem'l For Eradication of Leprosy, No. C 07-01785 JSW, 2007 WL 1795746, at *2 (N.D. Cal. June 21, 2007) ("[C]laims arising under Title VII of the Civil Rights Act of 1964 afford greater deference to the plaintiff's choice of forum."); Berry v. Potter, No. CIV 04-2922 PHX RCB, 2006 WL 335841, at *4 (D. Ariz. Feb. 10, 2006) ("Great weight is generally accorded a plaintiff's choice of forum" and "[t]his is particularly so in cases arising under Title VII, which is governed by a venue statute generally perceived as expanding the *fora* available to plaintiffs."); with Coleman v. Trican Well Serv., L.P., 89 F. Supp. 3d 876, 881 (W.D. Tex. 2015) (rejecting plaintiff's argument that her "choice of venue is entitled to even greater deference under Title VII than in other cases," and noting that " the Fifth Circuit has suggested that Title VII plaintiffs are not entitled to any greater deference in their choice of forum"); De Los Santos v. Panda Exp., Inc., No. C 10-01370 SBA, 2011 WL 2560213, at *3 (N.D. Cal. June 28, 2011) (emphasis in original) ("Plaintiff cites no authority to support the proposition that the expanded venue provisions of Title VII necessarily means that a Title VII plaintiff's choice of venue is entitled to *more* deference.").

Without doubt, a plaintiff's choice of forum is usually entitled to 'substantial consideration' in balancing the § 1404(a) factors," Sacklow v. Saks Inc., 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019), and this is generally "based on the premise . . . that the decision to bring suit in one's home forum is a matter of convenience," Hefferan v. Ethicon Endo-Surgery Inc., 828 F.3d 488, 493 (6th Cir. 2016). However, "[w]hen a plaintiff brings its charges in a venue that is not its home forum

. . . that choice of forum is entitled to less deference." In re Link A Media Devices Corp., 662 F.3d 1221, 1223 (Fed. Cir. 2011).

Even if, as Plaintiff argues, her choice is given more deference because venue is laid under Title VII, it clearly cannot be dispositive. Otherwise, Congress would have had no need to specifically mention Sections 1404(a) and 1406 in Section 2000e-5(f)(3). In re Horseshoe Ent., 337 F.3d 429, 433 (5th Cir. 2003) (observing that the last sentence of Section 2000e-5(f)(3) "makes express reference to §§ 1404 and 1406 of Title 28"); Coleman v. Trican Well Serv., L.P., 89 F. Supp. 3d 876, 885 (W.D. Tex. 2015) (noting that "while Congress may have enacted a broad venue provision for Title VII claims," it "kept in place § 1404's transfer provision"). Accordingly, the Court turns to the remaining relevant factors in the transfer analysis.

### B.

The Court agrees with Plaintiff that, as a general proposition, where documents happen to be located should not be a big factor in the transfer analysis because of the "realities of modern discovery" and the ease by which documents are now transferred. Indeed, many courts label this as a "neutral" factor, albeit usually in cases where venue is laid under Section 1391. See, Sacklow, 377 F. Supp. 3d at 879 (collecting cases). However, "[w]here relevant employment records are maintained and administered is expressly stated as a venue factor in the special venue statute, [it] should be weighed by a District Court in evaluating the 'interest of justice' aspect of the motion to transfer." In re Horseshoe Ent., 337 F.3d at 434. Therefore, this factor – whatever weight it is to be given – favors the Eastern District because the employment records, documents, emails, and servers are all located in Franklin County.

"The convenience of witnesses, especially non-party witnesses, is perhaps the most important

factor in the transfer analysis." Sacklow, 377 F. Supp. 3d at 878. Unquestionably, this factor favors transfer. Plaintiff tacitly acknowledges as much, but suggests some work-arounds, including counsel traveling to Sewanee for depositions, and agreeing to try the case in the summer if that works with the Court's calendar. However, "Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," Van Dusen v. Barrack, 376 U.S. 612, 645–46 (1964), and thus transfer is "inappropriate where it would serve only to transfer the inconvenience from one party to the other," Sardeye v. Wal-Mart Stores E., LP, No. 3:18-CV-01261, 2019 WL 4276990, at *3 (M.D. Tenn. Sept. 10, 2019) (citation omitted). Here, the converse is true: failing to transfer will result in inconvenience for all witnesses, including Plaintiff. It is not enough, as Plaintiff suggests, to deny transfer on the basis of Defendant's failure to identify witnesses who are beyond the subpoena power of this Court because there is no suggestion that *any* witness resides outside of the Eastern District.

At the end of the day, the only thing Plaintiff has going for her in terms of her case being litigated in this district is that she brings a claim under Title VII. While it may be that "[t]he broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred," Perkins v. Town of Princeville, 340 F. Supp. 2d 624, 627 (M.D.N.C. 2004) (citation omitted), "[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." Reese v. CNH Am. LLC, 574 F.3d 315, 320 (6th Cir. 2009). The exercise of that discretion in this case permits only one conclusion – a transfer to the Eastern District is warranted because Plaintiff, Defendant, and the underlying dispute have zero connection to the Middle District of Tennessee.

9

## II.

Accordingly, Defendant's Motion to Transfer (Doc. No. 21) is **GRANTED**. The Clerk of the Court shall **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Winchester Division and, thereafter, close the file here.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE