IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

KATHERINE VAN CLEAVE,

    Plaintiff,

v.

THE UNIVERSITY OF THE SOUTH,

    Defendant.

CIVIL ACTION NO.
4:22-cv-00026-CLC-SKL

### CONSENT PROTECTIVE ORDER

    To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c), ORDERED:

    1.    **Nondisclosure of Stamped Confidential Documents**. Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person, except for purposes of this litigation. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "Confidential" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c). For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rules 33 or 34, subpoena, by agreement, or otherwise. Interrogatory

answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures**. Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Such documents may also be disclosed:

(a) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

(b) to parties or officers or employees of the parties to the extent reasonably necessary to assist counsel in the prosecution or defense of this action; to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system;

and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed the form set forth in Exhibit A.

3. **Declassification**. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection provided that such request is made prior to the close of discovery or within 10 days of receipt of the document, whichever last occurs. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. Prior to seeking a ruling from the Court, the party challenging the confidential designation must attempt to resolve the dispute pursuant to the Court's guidelines regarding discovery disputes. To maintain confidential status, the proponent of confidentiality must show that there is good cause for the document to have such protection.

4. **Confidential Information in Depositions**.

(a) A deponent may during the deposition be shown and examined about stamped confidential documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about documents subject to this Order.

(b) Parties (and deponents) may, within 15 days after receiving the transcript, designate portions of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the

3

portions of the pages that are confidential and marking such pages with the following legend: "Confidential". Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order except as set forth above. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential.

5. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing. Any party seeking to prohibit disclosure of stamped confidential documents and other confidential information at trial or any court hearing has the burden of moving the Court for an Order to protect against the disclosure of the confidential information prior to the trial or hearing.

6. **Subpoena by Other Courts or Agencies**. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing**. Stamped confidential documents need not be filed with the clerk except when required in connection with any dispositive motions, including under Rules 12 or 56 of the Federal Rules of Civil Procedure, or other matters pending before the Court. Any party that seeks to file stamped confidential documents with the Court shall follow the Court's procedures governing filing under seal in civil cases as detailed in the Court's Memorandum and Order Regarding Sealing Confidential Information. See Doc. 36. The party that makes the designation to the document in question shall have the responsibility of filing and supporting a motion to seal.

8. **Use**. Persons obtaining access to stamped confidential documents and/or confidential information under this Order shall use the documents and/or information for the preparation and trial of this litigation (including appeals and retrials), and shall not use such documents and/or information for any other purpose, including business, governmental, or commercial.

9. **Termination**. The provisions of this Order shall terminate when all documents stamped confidential and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents.

10. **Modification Permitted**. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

11. **No Waiver**.

(a) Review of the confidential documents and/or information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents and/or information or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential documents and/or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

12. **Right of "Clawback."** The parties shall have the right of "clawback" of documents covered by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine ("Protected Documents") which inadvertently may be produced by one party to the other:

(a) If Protected Documents inadvertently are produced, the producing party may, within 30 days of the date of production, give written notice to the receiving party

specifically identifying the Protected Documents and assert the attorney-client privilege (or similar evidentiary privilege) or work product doctrine.

(b) Within 10 days after receiving such written notice, the receiving party shall return the Protected Documents without retaining a copy.

(c) The receiving party, however, retains the right to file a Motion seeking a ruling from the Court that such documents are not protected by the attorney-client privilege (or similar evidentiary privilege) or work product doctrine.

(d) Within 10 days after receiving such a Motion, the party who inadvertently produced the Protected Documents shall sequester such materials in the event In Camera inspection is requested.

(e) If any party receives documents from another party that appear to contain information that would make it a Protected Document, then the receiving party agrees to immediately cease its review of the Protected Document and notify the producing party. The producing party then will have 10 days to assert the attorney-client privilege (or similar evidentiary privilege) or work product doctrine, and to request the return of the document. If the document is requested to be returned, it must be returned within seven days. Any document returned upon request by the producing party must be sequestered in the event In Camera inspection is requested.

(f) The parties agree that any inadvertent production of Protected Documents shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, the that disclosure of any Protected Documents shall cease to be "inadvertent" if the receiving party notifies the producing party that Protected Documents have been produced, and the producing

party does not request the return of the Protected Documents within 10 days.

13. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

SO ORDERED, this _____ day of _____, 2022.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

[CONSENT PAGE FOLLOWS]

CONSENTED TO this 5th day of August, 2022:

/s/ John D. Bennett
Jason M. Pannu
TN Bar No. 023816
John D. Bennett*
Georgia Bar No. 059212
Travis M. Cashbaugh*
Georgia Bar No. 380162
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
E: jason.pannu@fmglaw.com
E: jbennett@fmglaw.com
E: tcashbaugh@fmglaw.com

*Admitted pro hac vice

*Counsel for Defendant*

/s/ L. William Smith (w/permission)
Jon C. Goldfarb*
L. William Smith*
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

Daniel Arciniegas
Arciniegas Law
1242 Old Hillsboro Rd.
The Atrium Building
Franklin, TN 37069
(629) 777-5339

*Admitted pro hac vice

*Counsel for Plaintiff*

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have read the Consent Order entered into by the parties in *Katherine Van Cleave v. The University of the South*, Civil Action File No. 3:22-cv-00090; that I fully understand the terms of said Consent Order, including that unauthorized disclosures of the stamped confidential documents constitute a violation of this order; and that I acknowledge being bound by the terms of said Consent Order. I also consent to the exercise of personal jurisdiction to this Court for the purpose of enforcing the terms of this Consent Order.

Print Name: _____

Signature: _____

Date: _____